# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In The Matter of

SLG Innovation, Inc.



Debtor

No.: 15-42182

Judge Baer

Chapter 11

## NOTICE OF MOTION

TO:
United States Trustee - served via ECF
Alchemy Software Solutions LLC, 2711 Centerville Road, Suite 400, Wilmington, DE 19808
American Express, c/o Becket & Lee, PO Box 3001, Malvern, PA 19355-0701
Amtex Systems, Inc., 50 Broad Street, Suite 801, New York, NY 10004
Capitol Strategies, c/o Jason Bartell, Bartell Powell LLP - served via ECF
Clearwater Basin, LLC, 304 Melrose, Mill Valley, CA 94941
Deltek, Inc., 2291 Wood Oak Drive, Herndon, VA 20171-2823
Ed & Tracey Burns, 165 North Canal Street, #1523, Chicago, IL 60606
Illinois Dept. of Revenue, Bankruptcy Section, Level 7-425, 100 W. Randolph St., Chicago, IL 60602
Infoway Solutions, LLC, 7567 Amador Valley Blvd., Suite 310, Dublin, CA 94568
iT-ResourceSolutions.net, Inc., c/o Jeffrey Wurst, Ruskin Moscou - served via ECF
Internal Revenue Service, Centralized Insolvency, P.O. Box 7346, Philadelphia, PA 19101-7346
Jeff Cobb, 5311 Tildens Grove Blvd., Windermere, FL 34786
Jeff Talley, 1941 South Flannery Road, Baton Rouge, LA 70816
John Wood, 1427 Primrose Lane, Franklin, TN 37064
KeyConnect Consulting, 2703 Whiteside Pl., Springfield, IL 62711
Louisiana Department of Revenue, 617 N. Third Street, Baton Rouge, LA 70802
Michael Phillips, 337 Alicante Court, Davenport, FL 33837
MMC Systems, Inc., 30 Montgomery St., Suite 1201, Jersey City, NJ 07302
Platinum Rapid Funds, Dimonte & Lizak, LLC - served via ECF
Quick Fix Capital, PO Box 396, Langhorne, PA 19047
SEA Group, Inc., 3901 Pintail Dr., Suite A, Springfield, IL 62711
Sedna Consulting Group, Inc., 860 Route 1N, Suite 101, Edison, NJ 08817
Urban Partnership Bank, c/o William J. Serritella, Jr., Taft Stettinius & Hollister - served via ECF

PLEASE TAKE NOTICE that on September 28, 2016 at 9:30 a.m. Central Time, or as soon thereafter as
counsel may be heard, the undersigned will appear before United States Bankruptcy Judge Baer, or any
other judge sitting in her stead, in Courtroom 615 in the Everett McKinley Dirksen United States
Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached Final
Fee Application of Urban & Burt, Ltd., bankruptcy counsel to SLG Innovation, Inc., a copy of which is
hereby served upon you, at which time and place you may appear as you see fit.

/s/ Edmund G. Urban III
EDMUND G. URBAN III
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I, Kathy Judge, under penalty of perjury certify that I served this notice by mailing a copy to all parties
listed above and entitled to notice, at the address listed above by depositing the same in the U.S. mail at
5320 W. 159th Street, Oak Forest, IL 60452 at 5:00 P.M. on September 7, 2016, with proper postage
prepaid or via the Court's electronic notification system, ECF, as noted in the service list above.

/s/ Kathy Judge

EDMUND G. URBAN III of
URBAN & BURT, LTD.
Attorney for Debtors
5320 W. 159th Street, Suite 501
Oak Forest, Illinois 60452
708-687-5200
L:\iii\slg.15\motions-orders\slg.15-029-mor.wpd

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In The Matter of

SLG Innovation, Inc.[1]

Debtor

No.: 15-42182

Judge Baer

Chapter 11

## COVER SHEET FOR FINAL APPLICATION OF
## URBAN & BURT, LTD., COUNSEL TO SLG INNOVATION, INC.,
## AS DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE OF COMPENSATION
## AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Urban & Burt, Ltd. |
| Authorized to provide professional services to: | SLG, Innovation, Inc. Debtor and Debtor in Possession |
| Date of retention: | Order entered on January 12, 2016, nunc pro tunc to December 15, 2015 |
| Period for which compensation and reimbursement is sought: | April 13, 2016 through August 23, 2016 and final allowance of fees and expenses granted on interim basis for the period of 12/15/2015-4/12/2016 |
| Amount of compensation sought as actual, reasonable, and necessary: | $94,637.50 [$199,662.50 total] |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $490.82 [$2,428.17 total] |
| Total compensation and expense reimbursement requested: | **$95,128.32** [$202,090.67 total] |

This is a __ monthly __ interim _X_ final application.

If this is not the first application filed herein by this professional, disclosure as to all prior fee applications:

| Date Filed | Period Covered | Total Requested | Total Allowed | Any Amount Withheld By Order |
|---|---|---|---|---|
| 5/18/2016 | 12/15/2015-4/12/2016 | $110,934.85 | $106,962.35 | $3,972.35 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $143,258.87, pursuant to the above allowance and the Court's Procedures for Monthly Compensation and Expense Reimbursement.

---

[1] Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtors' federal tax identification number are: 0396. The location of the Debtor's place of business is 30 S. Wacker Drive, Suite 2200, Chicago, Illinois 60606.

### Summary of Hours Billed by Attorneys and
### Paraprofessionals During the Final Fee Application Period 4/13/2016 - 8/23/2016

| Attorney | Position | Year Admitted | Rate | Hours | Total |
|---|---|---|---|---|---|
| Edmund G. Urban III | Senior Attorney | 1982 | $350.00 | 154.7 | $54,145.00 |
| Leslie Cohen McGregor | Senior Associate | 2005 | $350.00 | 107.8 | $37,730.00 |
| Dale A. Hauser III | Associate | 2008 | $350.00 | 5.6 | $ 1,960.00 |

| Paraprofessional | Rate | Hours | Total |
|---|---|---|---|
| Paralegal | $75.00 | 10.7 | $  802.50 |

| | | Hours | Total |
|---|---|---|---|
| **TOTAL** | | **278.8** | **$94,637.50** |

### Summary of the Total Amount of Fees Incurred
### Under Each Subject Matter During the Final Fee Application Period 4/13/2016 - 8/23/2016

| Matter # | Matter Description | Hours | Fees |
|---|---|---|---|
| 1 | General Case Administration | 31.1 | $ 9,180.00 |
| 2 | Business Operations | 18.4 | $ 6,440.00 |
| 3 | Cash Collateral Matters | 5.3 | $ 1,772.50 |
| 4 | Claims Matters | 4.1 | $ 1,435.00 |
| 5 | Fee & Retention Matters | 18.0 | $ 5,942.50 |
| 6 | Financing | 73.0 | $25,550.00 |
| 7 | Plan & Disclosure Statement | 58.8 | $20,525.00 |
| 8 | Plan Solicitation and Confirmation | 70.1 | $23,792.50 |
| **Totals** | | **278.8** | **$94,637.50** |

### Summary of the Total Amount of Expenses Incurred
### During the Final Fee Application Period 4/13/2016 - 8/23/2016

| Date | Description | Total |
|---|---|---|
| 5/18/2016 | Copies | $ 37.80 |
| 5/18/2016 | Postage | $ 28.26 |
| 5/25/2016 | Copies | $ 3.60 |
| 5/25/2016 | Postage | $ 8.37 |
| 7/8/2016 | Copies | $ 17.00 |

| 7/8/2016 | Postage | $ 82.51 |
|----------|---------|---------|
| 8/15/2016 | Postage | $ 8.74 |
| 8/15/2016 | Copies | $ 3.80 |
| 8/19/2016 | Copies | $ 3.80 |
| 8/19/2016 | Postage | $ 8.84 |
| **TOTAL** | | **$490.82** |

Dated:      September 7, 2016          URBAN & BURT, LTD.

By: /s/ Edmund G. Urban III
Counsel for the Debtor

EDMUND G. URBAN III of
URBAN & BURT, LTD.
Attorney for Debtor/DIP
5320 W. 159th Street
Suite 501
Oak Forest, Illinois 60452
(p) (708) 687-5200
(f) (708) 687-5278

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In The Matter of | No.: 15-42182 |
| SLG Innovation, Inc.[2] | Judge Baer |
| | Chapter 11 |
| Debtor | |

## FINAL APPLICATION OF URBAN & BURT, LTD., COUNSEL TO SLG INNOVATION, INC., AS DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Urban & Burt, Ltd., counsel to SLG Innovation, Inc., the above- captioned debtor and debtor in possession, (the "Debtor" or "SLG") submits this final fee application (this "Application") and states as follows:

### Relief Requested

1.    By this Application, Urban & Burt, Ltd. respectfully requests that this Court enter an order substantially in the form attached hereto (the "Proposed Order") awarding Urban & Burt, Ltd. compensation for professional services rendered to the Debtor and for reimbursement of actual and necessary expenses incurred in connection with such services from April 13, 2016, to and including August 23, 2016 (the "Final Fee Application Period") pursuant to sections 327, 330, and 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

2.    In this Application, Urban & Burt, Ltd. requests (a) final allowance and approval of compensation for professional services rendered from April 13, 2016 - August 23, 2016  to the Debtor in the aggregate amount of $94,637.50; (b) reimbursement of actual and necessary expenses in the amount of $490.82 incurred by Urban & Burt, Ltd. in rendering such services during the Final Fee Application Period; and ( c )  final approval of fees and expenses previously approved by this Court on an interim basis in the amount of

---

[2] Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtors' federal tax identification number are: 0396. The location of the Debtor's place of business is 30 S. Wacker Drive, Suite 2200, Chicago, Illinois 60606.

$105,025.00 in professional fees and reimbursement of expenses in the amount of $1,937.55, for a total of $106,962.55 for the time period December 15, 2015 through April 12, 2016 in the Order dated May 23, 2016 [Docket No. 84].

3.  This Application reflects billing in 1/10 hour increments as required by Local Rule 5082-1. In support of this Application, Urban & Burt, Ltd. respectfully states as follows.

### Jurisdiction and Venue

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.  Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

6.  The bases for the relief requested herein are sections 327, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 5082-1.

### Background

7.  On December 15, 2015 (the "Petition Date"), the Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

8.  The Debtor engages in the business of information technology services company. It serves both commercial and public sector clients. The Debtor provides its clients with informational technology professional staffing and services, including providing customers with business analysts, computer programmers, information technology infrastructure support (i.e. servers, help desk support).

9.  The Debtor continues to operate its business as a Debtor in Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this Chapter 11 case and no committee has been appointed or designated.

10. On August 23, 2016 this Court confirmed a Plan of Reorganization proposed by the Debtor.

### The Debtor's Retention of Urban & Burt, Ltd.

11. On January 12, 2016, this Court entered an order [Docket No. 39] (the "Retention Order") authorizing the Debtor to retain and employ Urban & Burt, Ltd., as of the Petition Date, as

2

its counsel to assist the Debtor with managing its chapter 11 estate, prosecuting this chapter 11 case, and addressing all related matters.

12. The Retention Order authorizes the Debtor to compensate Urban & Burt, Ltd. in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee's Guidelines (the "Guidelines") subject to prior Court approval.

13. On January 12, 2016, the court entered an order [Docket No. 30] providing a process for the debtor to make interim payments to professionals for compensation for those professionals and provide notice to certain parties designated by the court. That process allowed debtor to pay professional costs in full and fees at 80% of the billed amount, subject to court approval and allowance at the end of a 120 day period. Notice has been made to all required parties on a monthly basis and no objection to payment of the fees has been made by any party. Notice to Rule 2002(a)(6) of this Application has been provided to all creditors and parties in interest.

14. On May 23, 2016, the Court entered its Order granting Urban & Burt's *Amended First Interim Application of Urban & Burt, Ltd., Counsel to SLG Innovation, Inc., as Debtor and Debtor in Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from December 15, 2015, to and including April 12, 2016* [Docket No. 84]. In its Order, the Court awarded fees in the amount of $105,025.00 and costs of $1,937.35 totaling $106,962.35.

15. This Application seeks final allowance of all compensation previously granted on an interim basis, as well as final allowance of professional fees earned and reimbursement of expenses incurred for the period of April 13, 2016 through August 23, 2016.

## Disinterestedness of Urban & Burt, Ltd.

16. Urban & Burt, Ltd. does not hold or represent any interest adverse to the Debtor's estate and is a "disinterested person" with respect to the Debtor as that term is defined in section 101(14) of the Bankruptcy Code.

3

17.     Urban & Burt, Ltd. performed services for which it is seeking compensation on behalf of or for the Debtor and its estate, and not on behalf of any committee, creditor, or other entity.

18.     Except for the retainer paid to Urban & Burt, Ltd. prior to the Petition Date, which was disclosed in the Declaration, Urban & Burt, Ltd. has not received any payment or promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Chapter 11 case.

19.     Pursuant to Bankruptcy Rule 2016(b), Urban & Burt, Ltd. has not shared, nor has Urban & Burt, Ltd. agreed to share: (a) any compensation it has received or may receive with another person, other than with the partners, counsel, associates, and other employees of Urban & Burt, Ltd.; or (b) any compensation another person or party has received or may receive.

### Requested Compensation

20.     By this Application, Urban & Burt, Ltd. requests aggregate compensation for the Final Fee Application Period of $94,637.50 for services rendered and $490.82 for reimbursement of actual expenses, for a total compensation amount of $95,128.32 for the period of April 13, 2016 through August 23, 2016 and for approval on a final basis fees and expenses awarded in the initial Interim Fee Application and Order entered on May 23, 2016. Urban & Burt, Ltd. received $106,962.55, which represents 100% of Urban & Burt's fees and expense reimbursement awarded pursuant to this Court's May 23, 2016 Order granting the First Interim Fee Application. During the Final Fee Application Period of April 13, 2016 through August 23, 2016, Urban & Burt. Ltd. has received $18,269.66 pursuant to the terms of the Interim Compensation Procedures Order.  It is anticipated that additional sums billed and payable by debtor under the Interim Compensation Procedures Order for the months of June, July and August may be paid by the debtor prior to the entry of the final order, in which case counsel will advise the court as to the payment of those funds at time of the hearing. Counsel had agreed to let debtor have additional time in making those payments to insure the sufficient liquid funds would be available for debtor to make the necessary other administrative payments required at confirmation.

4

| | |
|---|---|
| Amount due (Fees/Costs for 4/13/16-8/23/16): | $95,128.32 |
| Amounts already paid: | $18,269.66 |
| **Amount to be paid upon entry of fee order:** | **$76,858.66** |

21.   Urban & Burt, Ltd. maintains computerized records of the time expended in the performance of the professional services required by the Debtor's estate. These records are maintained in the ordinary course of Urban & Burt's practice. The hourly rates and corresponding rate structure used by Urban & Burt, Ltd. in this Chapter 11 case are equivalent to the hourly rates and corresponding rate structure that Urban & Burt, Ltd. predominately uses for restructuring, workout, bankruptcy, insolvency, and comparable matters, whether in court or otherwise, regardless of whether a fee application is required.

22.   Urban & Burt's hourly rates are set at a level designed to compensate Urban & Burt, Ltd. fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. These hourly rates are similar to the hourly rates charged by attorneys at the firm for other contested non-bankruptcy work.  The are also, significantly lower with the rates charged by Urban & Burt's competitor firms for chapter 11 work in the marketplace.

## Summary of Services Performed during Final Fee Application Period
### April 13, 2016 to August 23, 2016
### (278.8 hours, $94,637.50)

23.   During the Final Fee Application Period, Urban & Burt, Ltd. provided significant professional services to the Debtor in connections with this chapter 11 case. These services were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by debtors in similar cases.

24.   While a substantial amount has been expended in this case, the issues focus on several specific areas of work that are substantially all related.  While typically the court desires that the professional segregate the tasks performed to various areas of discrete work, that is somewhat difficult in the current case, as much of the work crosses various areas

5

of tasks.  An attempt has been made to catagorize the work to meet the typical requirements set by the courts relating to the segregation of the tasks.

25.   The work in this case involves the need to re-organize a company which provides complex consulting services to large companies as a (MBE) that provides services to state agencies and directly to units of governmental agencies relating to compliance with Medicare, Medicaid and ACA, and other related areas including other IT services.

26.   Detailed time entries are attached to this Application as **Exhibit A** and incorporated by reference in the tables below.  These entries detail the identity of the attorney (or if a paraprofessional) completing the service, the date of the service, a description of the service, the time spent to the tenth of an hour on the service, the billing rate, and the charge for the service.

27.   The following table consists of a breakdown of the amount of fees incurred due to the services rendered by each Urban & Burt, Ltd. attorney or paraprofessional (after accounting for all voluntary reductions), including each such attorney or paraprofessional's position and year admitted to the practice of law (if applicable), department, hourly rate, total hours expended in providing services to the Debtor in the Final Fee Application Period, and the value attributable to such services:

| Attorney | Position | Year Admitted | Rate | Hours | Total |
|---|---|---|---|---|---|
| Edmund G. Urban III | Senior Attorney | 1982 | $350.00 | 154.7 | $54,145.00 |
| Leslie Cohen McGregor | Senior Associate | 2005 | $350.00 | 107.8 | $37,750.00 |
| Dale A. Hauser III | Associate | 2008 | $350.00 | 5.6 | $ 1,960.00 |
| **Sub-total** | | | | 268.1 | $93,835.00 |

| Paraprofessional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Paralegal | $75.00 | 10.7 | $ 802.50 |

| | Hours | Total |
|---|---|---|
| **TOTAL** | **278.8** | **$94,637.50** |

28.     To provide a meaningful summary of Urban & Burt, Ltd.'s services rendered on behalf of

the Debtor, Urban & Burt, Ltd. has established, in accordance with the Guidelines and its

internal billing procedures, certain subject matters (each, a "Matter") in connection with

these chapter 11 cases. The following table summarizes Urban & Burt, Ltd.'s fees incurred

during the Final Fee Application Period, broken down by Matter:

| Matter # | Matter Description | Hours | Fees |
|----------|--------------------|-------|------|
| 1 | General Case Administration | 31.1 | $ 9,180.00 |
| 2 | Business Operations | 18.4 | $ 6,440.00 |
| 3 | Cash Collateral Matters | 5.3 | $ 1,772.50 |
| 4 | Claims Matters | 4.1 | $ 1,435.00 |
| 5 | Fee & Retention Matters | 18.0 | $ 5,942.50 |
| 6 | Financing & DIP Exit | 73.0 | $25,550.00 |
| 7 | Plan & Disclosure Statement | 58.8 | $20,525.00 |
| 8 | Plan Solicitation and Confirmation | 70.1 | $23,792.50 |
| Totals | | 278.8 | $94,637.50 |

29.     Additionally, Urban & Burt, Ltd. incurred necessary expenses in carrying out its

representation of the Debtor.  The following table details the expenses, in addition to the

attached spreadsheet, attached as **Exhibit B**:

| Date | Description | Total |
|------|-------------|-------|
| 5/18/2016 | Copies | $ 37.80 |
| 5/18/2016 | Postage | $ 28.26 |
| 5/25/2016 | Copies | $  3.60 |
| 5/25/2016 | Postage | $  8.37 |
| 7/8/2016 | Copies | $ 17.00 |
| 7/8/2016 | Postage | $ 82.51 |
| 8/15/2016 | Postage | $  8.74 |
| 8/15/2016 | Copies | $  3.80 |
| 8/19/2016 | Copies | $  3.80 |
| 8/19/2016 | Postage | $  8.84 |
| TOTAL | | $490.82 |

7

## A. General Case Administration

(31.1 hours; $9,180.00)

30.     This Matter includes time that Urban & Burt, Ltd. attorneys and para-professionals spent on matters related to maintaining the Chapter 11 and coordinating with the financial advisors and accountants on general matters relating to the case.  This  area also includes the review and filing of UST monthly operating reports.

31.     This Matter includes the time that Urban & Burt, Ltd. attorneys and para-professionals spent on attending to the general administration of this chapter 11 case during the Final Fee Application Period, including, but certainly not limited to:

- assisting the Debtor in preparing debtor-in-possession bank accounts;

- coordinating with the Debtor regarding the payment of the quarterly U.S. Trustee fees;

- assisting in preparing and filing monthly operating statements; and

- attending court hearings;

| Attorney | Rate | Hours | Total |
|----------|------|-------|-------|
| Edmund G. Urban III | $350.00 | 15.9 | $5,565.00 |
| Leslie Cohen McGregor | $350.00 | 9.0 | $3,150.00 |
| Paralegal | $75.00 | 6.2 | $  695.00 |
| **TOTAL** | | 31.1 | $9,180.00 |

## B. Business Operations

(18.4 hours, $6,440.00)

32.     The category of business operations includes regular communications between counsel and debtors senior management, accountants and Moglia Advisors debtors restructuring advisor.  Weekly calls have been held to insure the proper attention is being paid to operations, collections of receivables and current issues arising under the administration of the plan.

33.     Assistance of counsel was crucial in guiding the debtor in making appropriate business decisions allowing a successful confirmation of the debtor's plan of reorganization.

| Attorney | Rate | Hours | Total |
|----------|------|-------|-------|
| Edmund G. Urban III | $350.00 | 17.0 | $5,950.00 |
| Leslie Cohen McGregor | $350.00 | 1.4 | $  490.00 |
| **TOTAL** | | 18.4 | $6,440.00 |

## C.  Cash Collateral Matters

(5.3 hours, $1,772.50)

34.    This Matter includes the time spent by Urban & Burt, Ltd. attorneys drafting and filing

motions and documents relating to cash collateral and attending hearings on the matter

[Docket Nos. 73, 99] Counsel successfully obtained ongoing use of cash collateral from

Urban Partnership Bank (UPB) to allow Debtor to continue the operation of the business

right up until confirmation of the Debtor's Plan.

| Attorney | Rate | Hours | Total |
|----------|------|-------|-------|
| Edmund G. Urban III | $350.00 | 2.5 | $ 875.00 |
| Leslie Cohen McGregor | $350.00 | 2.5 | $ 875.00 |
| Paralegal | $75.00 | 0.3 | $   22.50 |
| **TOTAL** | | 5.3 | **$1,772.50** |

## D. Claims Issues

(4.1 hours, $1,435.00)

35.    This category reflects work done on issues relating to claims filed by creditors.  It

includes responding to creditor inquiries as well as preparing and reviewing claims

ledgers in preparation for a plan. Additionally, this included tracking various claims

amendments and reconciling those figures with the Debtor's financial advisors and

accountant.

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Edmund G. Urban III | $350.00 | 2.6 | $ 910.00 |
| Leslie Cohen McGregor | $350.00 | 1.5 | $ 525.00 |
| **TOTAL** | | 4.1 | **$1,435.00** |

### E. Preparation of Compensation Applications

(18 hours, $5,942.50)

36.     This category includes time spent by Urban & Burt, Ltd. attorneys and paraprofessionals in areas related to preparing, filing and successfully obtaining orders approving interim fee applications for itself [Docket Nos. 68, 83, 84], the Debtor's accountant, Converge Management Financial LLC [Docket Nos. 75, 88], and the Debtor's financial advisors, Moglia Advisors [Docket Nos. 64, 78] and serving the applications on creditors.

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Edmund G. Urban III | $350.00 | 4.6 | $1,610.00 |
| Leslie Cohen McGregor | $350.00 | 12.1 | $4,235.00 |
| Paralegal | $75.00 | 1.3 | $    97.50 |
| **TOTAL** | | 18.00 | **$5,942.50** |

### F. Financing DIP & Exit

(73 hours, $25,550.00)

37.     This category includes the detailed time spent discussing DIP financing with both management of the Debtor, Moglia Advisors, Debtor's accountant and prospective lenders, prospective investors and prospective purchasers.  This includes time relating to exit financing. Urban & Burt, Ltd., along with the rest of the Debtor's financial team, secured a successful multi-party financing deal acceptable to both the Court, United States Trustee, and Urban Partnership Bank.  Within two days of confirmation of the Debtor's Plan of Reorganization, Urban Partnership Bank's Class 2 claim was paid off with this financing, allowing the Debtor to move forward with a new partner.

38.    Time was spent negotiating with various potential investors and providers of exit
financing.  In all, approximately a dozen potential suitors and investors expressed
interest in providing the necessary funding to allow SLG to exit bankruptcy with a
confirmed plan.

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Edmund G. Urban III | $350.00 | 62.7 | $ 21,945.00 |
| Leslie Cohen McGregor | $350.00 | 4.7 | $  1,645.00 |
| Dale A. Hauser III | $350.00 | 5.6 | $  1,960.00 |
| **TOTAL** | | 73.0 | **$25,550.00** |

**G.  Plan and Disclosure Statement**

(58.8 hours, $20,525.00)

39.    This Matter includes time spent by Urban & Burt, Ltd. attorneys related to drafting the
Debtor's modified plans and amended disclosure statements. The Debtor filed its first
modified plan and amended disclosure statement on June 27, 2016 [Docket Nos. 95,
94].  Due to the slow-moving nature of the exit financing involved in the case, the Debtor
sought, and successfully obtained, a modified order extending the time to file a modified
plan and amended disclosure statement [Docket Nos. 86, 89].  The Debtor filed its
second modified plan and second amended disclosure statement on July 7, 2016
[Docket Nos. 100, 101]. The July 7, 2016 plan was successfully confirmed by this Court
on August 23, 2016.  The July 7, 2016 disclosure statement was approved by this Court
on August 23, 2016.  Additionally, while the modified plans certainly built on the
originally-filed plan, the subsequent plans delved into more detail about exit financing as
the financial parties and figures came into focus.

40.    In order to insure that in the event that a plan could be confirmable over any potential
objections of creditors it was necessary to provide a market testing mechanism to meet
a challenge based on the Absolute Priority Rule.  Because of the unique situation where
the majority interest in the company was required to be maintained by an individual
qualified to operate an MBE it was necessary to negotiate financing from the owner of

11

the company to re-purchase his ownership interest via funding from an outside investor. The initial plan was amended to provide such a mechanism.    The modified plan was further tweeked to meet requests of the US Trustee and the secured lender.

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Edmund G. Urban III | $350.00 | 21.8 | $ 7,630.00 |
| Leslie Cohen McGregor | $350.00 | 36.8 | $12,880.00 |
| Paralegal | $75.00 | 0.2 | $     15.00 |
| **TOTAL** | | 58.8 | $20,525.00 |

## H.  Plan Solicitation and Confirmation
(70.1 hours, $23,792.50)

41.    This Matter includes time spent soliciting votes on the Debtor's July 7, 2016 plan, including the drafting of the scheduling order on the combined hearing [Docket No. 103]. Urban & Burt prepared and served ballots to all creditors and communicated with creditors regarding questions and concerns on the plan and disclosure statement. Urban & Burt, Ltd. drafted and placed an auction advertisement in the Wall Street Journal and Chicago Tribune [Docket No. 130].  Urban & Burt, Ltd. reviewed and filed all Ballots [Docket Nos. 105, 106, 110-124] and a Ballot Report and Recapitulation [Docket No. 125] and amended an Amended Ballot Report and Recapitulation [Docket No. 129] upon a change of vote from the one creditor voting to reject the Plan, American Express.  Urban & Burt, Ltd. worked to obtain this change of vote to successfully present a unanimously accepted plan and Ballot Report.  Urban & Burt, Ltd. drafted the successfully entered Confirmation Order by this Court [Docket No. 134].

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Edmund G. Urban III | $350.00 | 27.6 | $ 9,660.00 |
| Leslie Cohen McGregor | $350.00 | 39.8 | $13,930.00 |
| Paralegal | $ 75.00 | 2.7 | $     202.50 |
| **TOTAL** | | 70.1 | **$23,792.50** |

**Reasonable and Necessary Services Rendered by Urban & Burt, Ltd.**

42.     The foregoing professional services rendered by Urban & Burt, Ltd. on behalf of the
Debtor during the Final Fee Application Period were reasonable, necessary, and
appropriate to the administration of this chapter 11 case and related matters.

43.     Urban & Burt's attorneys have represented debtors and creditors holding claims in
numerous chapter 11 cases, both in this district and in others. Urban & Burt, Ltd. brings
to this chapter 11 case a high level of skill and knowledge, which has inured to the
benefit of the Debtor and its stakeholders.

**Actual and Necessary Expenses Incurred by Urban & Burt, Ltd.**

44.     Urban & Burt, Ltd. has incurred a total of $490.82 in expenses on behalf of the Debtor
during the Final Fee Application Period.

45.     These charges are intended to reimburse Urban & Burt's direct operating costs, which
are not incorporated into the Urban & Burt, Ltd. hourly billing rates. Urban & Burt, Ltd.
charges $0.10 per page for copying. Only clients who actually require such services are
separately charged for such services. Effectively including such expenses as part of the
hourly billing rates would impose the cost point on clients who do not require extensive
photocopying and other facilities and services. Furthermore, Urban & Burt, Ltd. has not
charged the debtor for expenses related to legal research.

46.     Urban & Burt, Ltd. has made every effort to minimize its expenses in this chapter 11
case. The actual expenses incurred in providing professional services were necessary,
reasonable, and justified under the circumstances to serve the needs of the Debtor in
this chapter 11 case.

**Urban & Burt's Requested Compensation and Reimbursement Should Be Allowed**

47.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals
and incorporates the substantive standards of section 330 of the Bankruptcy Code to
govern the Court's award of such compensation. Section 330 of the Bankruptcy Code
provides that a court may award a professional employed under section 327 of the

13

Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement.

48.     In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

    a.  time spent on such services;

    b.  the rates charged for such services;

    c.  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;

    d.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    e.  whether the compensation is reasonable based on the customary compensation charged by comparable skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

49.     In the instant case, Urban & Burt, Ltd. submits that the services for which it seeks compensation in this Final Fee Application were necessary for and beneficial to the Debtor and its estate and were rendered to protect and preserve the Debtor's estate. Urban & Burt, Ltd. submits that the services rendered to the Debtor were performed economically, effectively and efficiently and that the results obtained to date have benefitted not only the Debtor, but all stakeholders in the Debtor's chapter 11 case. Urban & Burt, Ltd. further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtor, its estate and all parties in interest.  While it was necessary to make amendments to the initial plan of re-organization the second amended plan was ultimately confirmed.  The services performed in drafting the initial plan and the subsequent amendments were ultimately necessary as part of the process to achieve a plan that could be accepted by all

creditors, and therefore those services should be deemed as necessary and reasonable.

50.      Urban & Burt, Ltd. attorneys and paraprofessionals spent a total of 278.8 hours during the Final Fee Application Period, which services and costs have a fair market value of $95,128.32. As demonstrated by this Application and all of the exhibits submitted in support hereof, Urban & Burt, Ltd. spent its time economically and without unnecessary duplication.  While Urban & Burt, Ltd. believes a team approach which uses the skill sets of each associate attorney is extremely valuable to the debtor.  Where discussions took place between attorneys at the firm, only one attorney billed for those services.  In addition, the work conducted was carefully assigned to appropriate attorneys or para-professionals according to the experience and level of expertise required for each particular task. In summary, the services rendered by Urban & Burt, Ltd. were necessary and beneficial to the Debtor and its estate, and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved. Accordingly, Urban & Burt, Ltd. respectfully submits that approval of the compensation and expense reimbursement sought herein is warranted.

### Proposed Source of Payment

51.      As noted above, the Debtor has paid Urban & Burt, Ltd. $106,962.55 pursuant to the Interim Fee Order. As of the date of filing of this application SLG has paid Urban & Burt, Ltd.  $18,269.66 during Final Fee Application Period pursuant to the provisions of the Interim Compensation Procedures Order for the months of April, May, June, July and August. The remaining balance owed, $76,858.66 will be paid from the Debtor's cash on hand, or funds borrowed by the Debtor, pursuant to Local Rule 5082(B)(2).

### Notice

52.      As of the date hereof, Urban & Burt, Ltd. has provided notice of this Final Fee Application, in the manner set forth on the Certificate of Service attached hereto, to: (a) the Office of the United States Trustee; (b) counsel to the Debtor's pre-petition secured creditors; ( c ) all of the Debtor's other known creditors; (d) the Internal Revenue Service; (e) the Illinois Department of Revenue; (f) the Louisiana Department of Revenue; and (g) any entity that has filed a request for notice in the above-captioned

cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested,

Urban & Burt, Ltd. respectfully submits that no further notice is necessary.

**WHEREFORE,** Urban & Burt, Ltd. respectfully requests that this Court enter an order

substantially in the form of the Proposed Order: (a) allowing and awarding Urban & Burt, Ltd.,

on a final basis, compensation for professional services rendered during the First Interim Fee

Period of December 15, 2015 through April 12, 2016 and the Final Fee Application Period of

April 13, 2016 through August 23, 2016 in the total amount of $202,090.67 ($105,025.00 for the

First Interim Fee Period and $94,637.50 for the Final Fee Application Period); and (b) allowing

and awarding, on a final basis, the reimbursement of actual and necessary expenses incurred

by Urban & Burt, Ltd. in the total amount of $2,428.17 ($1,937.35 for the First Interim Fee

Period and $490.82 for the Final Fee Application Period); (c) authorizing the Debtor to pay such

remaining outstanding balance upon entry of the order approving such fees and costs; (d)

finding notice of this Application as given is sufficient and excusing all further notice for good

cause shown; and (e) granting such other and further relief as the Court deems just.

**Dated: September 7, 2016**                    By: /s/ Edmund G. Urban III
                                               Debtor's Attorney

EDMUND G. URBAN III of
URBAN & BURT, LTD.
Attorney for Debtors
5320 W. 159th Street, Suite 501
Oak Forest, Illinois 60452
708-687-5200
L:\iii\slg.15\motions-orders\slg.15-029-mor.wpd