**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In The Matter of | No.: 15-42182 |
| SLG Innovation, Inc. | Judge Baer |
| | Chapter 11 |
| Debtor | |

**NOTICE OF MOTION**

TO:
United States Trustee - served via ECF
Alchemy Software Solutions LLC, 2711 Centerville Road, Suite 400, Wilmington, DE 19808
American Express, c/o Becket & Lee, PO Box 3001, Malvern, PA 19355-0701
Amtex Systems, Inc., 50 Broad Street, Suite 801, New York, NY 10004
Capitol Strategies, c/o Jason Bartell, Bartell Powell LLP - served via ECF
Clearwater Basin, LLC, 304 Melrose, Mill Valley, CA 94941
Deltek, Inc., 2291 Wood Oak Drive, Herndon, VA 20171-2823
Ed & Tracey Burns, 165 North Canal Street, #1523, Chicago, IL 60606
Illinois Dept. of Revenue, Bankruptcy Section, Level 7-425, 100 W. Randolph St., Chicago, IL 60602
Infoway Solutions, LLC, 7567 Amador Valley Blvd., Suite 310, Dublin, CA 94568
iT-ResourceSolutions.net, Inc., c/o Jeffrey Wurst, Ruskin Moscou - served via ECF
Internal Revenue Service, Centralized Insolvency, P.O. Box 7346, Philadelphia, PA 19101-7346
Jeff Cobb, 5311 Tildens Grove Blvd., Windermere, FL 34786
Jeff Talley, 1941 South Flannery Road, Baton Rouge, LA 70816
John Wood, 1427 Primrose Lane, Franklin, TN 37064
KeyConnect Consulting, 2703 Whiteside Pl., Springfield, IL 62711
Louisiana Department of Revenue, 617 N. Third Street, Baton Rouge, LA 70802
Michael Phillips, 337 Alicante Court, Davenport, FL 33837
MMC Systems, Inc., 30 Montgomery St., Suite 1201, Jersey City, NJ 07302
Platinum Rapid Funds, Dimonte & Lizak, LLC - served via ECF
Quick Fix Capital, PO Box 396, Langhorne, PA 19047
SEA Group, Inc., 3901 Pintail Dr., Suite A, Springfield, IL 62711
Sedna Consulting Group, Inc., 860 Route 1N, Suite 101, Edison, NJ 08817
Urban Partnership Bank, c/o William J. Serritella, Jr., Taft Stettinius & Hollister - served via ECF

PLEASE TAKE NOTICE that on September 28, 2016 at 9:30 a.m. Central Time, or as soon thereafter as counsel may be heard, the undersigned will appear before United States Bankruptcy Judge Baer, or any other judge sitting in her stead, in Courtroom 615 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached Final Fee Application of MOGLIA ADVISORS, financial advisors to SLG Innovation, Inc., a copy of which is hereby served upon you, at which time and place you may appear as you see fit.

                                              /s/ Edmund G. Urban III
                                              EDMUND G. URBAN III
                                              ATTORNEY FOR DEBTOR

**CERTIFICATE OF SERVICE**

I, Kathy Judge, under penalty of perjury certify that I served this notice by mailing a copy to all parties listed above and entitled to notice, at the address listed above by depositing the same in the U.S. mail at 5320 W. 159th Street, Oak Forest, IL 60452 at 5:00 P.M. on September 7, 2016, with proper postage prepaid or via the Court's electronic notification system, ECF, as noted in the service list above.

                                                /s/ Kathy Judge

EDMUND G. URBAN III of
URBAN & BURT, LTD.
Attorney for Debtors
5320 W. 159th Street, Suite 501
Oak Forest, Illinois 60452
708-687-5200

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SLG INNOVATION, INC., | ) | Case No. 15-42182 |
| | ) | Honorable Janet S. Baer |
| Debtor(s) | ) | Chapter 11 |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:    MOGLIA ADVISORS

Authorized to Provide
Professional Services to:  SLG INNOVATION, INC., Debtor-In-Possession

Date of Order Authorizing Employment:  January 6, 2016, *nunc pro tunc* to December 22, 2015

Period for Which Compensation is Sought:    April 1, 2016 through August 23, 2016, and final allowance of fees and expenses granted on interim basis for the period of 12/22/2015 through 3/31/2016

Amount of Fees Sought:         $73,810.50

Amount of Expense Reimbursement Sought:         $760.81

This is: an Interim Application ___; a Final Application X

If this is not the first application filed herein by this professional, disclosure as to all prior fee applications:

| Date Filed | Period Covered | Total Requested | Total Allowed | Any Amount Withheld By Order |
|---|---|---|---|---|
| April 18, 2016 | 12/22/2015 – 3/31/2016 | $49,319.55 | $49,319.55 | -N/A- |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:   $101,214.44, pursuant to the above allowance and the Court's Procedures for Monthly Compensation and Expense Reimbursement.

Applicant:    Moglia Advisors

BY:    /s/ Alex D. Moglia

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SLG INNOVATION, INC., | ) Case No. 15-42182 |
| | ) |
| | ) Honorable Janet S. Baer |
| | ) |
| | ) |
| | ) Hearing Date: |
| Debtor. | ) Hearing Time: |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO MOGLIA ADVISORS, AS RESTRUCTURING CONSULTANT TO SLG INNOVATION, INC.**

Pursuant to 11 U.S.C. §§ 330 and 331, Moglia Advisors ("*MA*"), respectfully requests that this Court enter an order (A) granting final allowance of all compensation previously granted on an interim basis through March 31, 2016, specifically $48,441.00 in professional fees and $878.55 in reimbursed expenses (the "*First Application*"), and also (B) granting final allowance of $73,810.50 in compensation for financial and operational advisory services, and $760.81 in reimbursement of expenses (the "*Application*"), for the period of April 1, 2016 through August 23, 2016 (the "*Application Period*") rendered to SLG Innovation, Inc., the Debtor-in-possession in this case ("**SLG**" or the "**Debtor**"). In support of this Application, MA respectfully states as follows:

**JURISDICTION**

1.  The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2

**BACKGROUND**

2. SLG is an information technology solutions provider dedicated to both the public and private business sectors. SLG offers application development and maintenance services, strategic staffing, security and compliance solutions and technology integration services to clients in the healthcare, health and human services, justice and public safety and energy and utilities sectors. Founded in 2010, SLG is headquartered in Chicago and provides its services nationwide. SLG is certified as an MBE provider through the Illinois Business Enterprise Program and through the National Minority Supplier Development Council.

3. On December 15, 2015, SLG filed a petition for relief under chapter 11 of the Bankruptcy Code. (Docket No. 1).

4. SLG filed its Motion to Authorize Debtor to (A) Retain Moglia Advisors to Provide SLG Innovation, Inc. a Restructuring Consultant and (B) Designate Alex Moglia as Restructuring Consultant for SLG Innovation, Inc., nunc pro tunc to December 22, 2015 and Granting Related Relief on December 23, 2015 (the "**Moglia Employment Application**"). (Dkt. No. 25).

5. The Court entered its order granting the Moglia Employment Application on January 6, 2016. (Dkt. No. 36).

6. On January 5, 2016, SLG filed its Motion to Approve Procedures for Interim Compensation and Reimbursement of Expenses for Professionals ("**Motion for Administrative Order**") (Dkt. No. 34).

7. On January 12, 2016, after notice and hearing, the Court entered its Order Granting Motion to Approve the Motion for Administrative Order (Dkt. No. 40), establishing

procedures for monthly compensation and expense reimbursement ("**Procedures for Monthly Compensation and Expense Reimbursement**").

8. On May 11, 2016, the Court entered its Order Granting First Application for Interim Compensation and Expenses of Moglia Advisors, for the period of December 22, 2015 through March 31, 2016 (the "**First Application Order**") (Dkt. No. 78).

9. Pursuant to the First Application Order and the Procedures for Monthly Compensation and Expense Reimbursement, SLG has paid MA $101,214.44 for its professional services and its costs expended on behalf of SLG through August 23, 2016.

10. This Application seeks final allowance of all compensation previously granted on an interim basis, as well as final allowance of professional fees earned and reimbursement of expenses incurred for the period of April 1, 2016 through August 23, 2016.

### SUMMARY OF THE SERVICES RENDERED BY MA TO SLG

11. The total fees requested by MA for restructuring consultant services rendered to SLG during the Application Period aggregate $73,810.50. A breakdown of this amount by each MA professional, each professional's title, hourly rate, and total hours expended in providing restructuring consultant services is as follows:

| PROFESSIONAL | TITLE | 2015 / 2016 HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Alex D. Moglia | President | $350 | 99.10 | $34,685.00 |
| Gary A. Wencel | Managing Director | $325 | 66.00 | $21,450.00 |
| Matthew Brash | Director | $265 | 66.70 | $17,675.50 |
| **TOTAL** | | | **231.80** | **$73,810.50** |

12. The hourly rates sought in this Application are identical to, or less than, those charged by MA for similar or identical services provided by them in other bankruptcy or non-bankruptcy matters and cases during the Application Period.

13. During the Application Period, MA made every reasonable effort to have the services it rendered to SLG performed by those qualified personnel charging the lowest hourly rates, consistent with the level of service, experience, and efficiency required of a given task.

14. All of the fees and expenses for which MA requests interim allowance and payment of compensation and reimbursement relate to the Application Period, and were rendered in connection with the above-captioned case, at SLG's request, and in the discharge of MA's professional responsibilities as restructuring consultant to SLG.  MA respectfully submits that the restructuring consultant services that it provided to SLG during the Application Period were, in all respects, reasonable, necessary, and beneficial to the bankruptcy estate.

## TIME AND EXPENSE RECORDS

15. MA maintains written records of the time expended by its professionals.  These time records are maintained contemporaneously with the rendering of restructuring consultant services by each MA professional.

16. Detailed statements of MA's restructuring consultant services for which compensation is now sought are attached to this Application, in the form of MA's detailed time records, as **Exhibit A,** the "**Time Statement**"), and are incorporated herein by reference.  The Time Statement sets forth in detail the restructuring consultant services which MA rendered on behalf of SLG, the dates upon which such services were rendered, the nature of the services, the time spent, and the identity of each MA professional who performed such services.

17. MA also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the restructuring consultant services that it renders. Such records for the above-captioned case, which are attached hereto as **Exhibit B** and which are also incorporated herein by reference, contain a complete schedule of expenses and amounts for which reimbursement is sought in relation to the services which MA provided to SLG during the Application Period.

## BREAKDOWN BY CATEGORY OF SERVICES RENDERED

**Restructuring Advisory Services (231.80 hours valued at $73,810.50)**

18. MA personnel regularly met with SLG management and counsel with respect to SLG's financial performance and cash flow, operating expenses and opportunities for short-term and long-term improvement. MA personnel also met with SLG's management regularly to review SLG's revenue forecasts and SLG's ability to bring in additional business as well as SLG's ability to meet its financial obligations. MA reviewed and analyzed various drafts of plans of reorganization and disclosure statements, discussed claims classification schemes and regularly worked with SLG, its counsel and other professionals in those regards. MA also regularly communicated with SLG's secured lender, Urban Partnership Bank, as part of MA's engagement with SLG, with respect to progress made in discussions with potential investors and the treatment of its secured and unsecured claims in any reorganization, or recapitalization. MA also sought out prospective investors and alternative lenders, evaluated their respective proposals and terms, and advised SLG management on negotiations with these parties.

19. During the Application Period, MA expended 231.80 hours with a value of $73,810.50 on restructuring advisory services. **Exhibit A** contains a detailed description of the time entries attributable to this category of services.

20. A summary of professionals providing services in this category during the Application Period; each such professional's title, hourly rate, and total hours expended on restructuring consultant services in this category during the Application Period; and the value attributable to services is, as follows:

| PROFESSIONAL | TITLE | 2015 / 2016 HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Alex D. Moglia | President | $350 | 99.10 | $34,685.00 |
| Gary A. Wencel | Managing Director | $325 | 66.00 | $21,450.00 |
| Matthew Brash | Director | $265 | 66.70 | $17,675.50 |
| **TOTAL** | | | **231.80** | **$73,810.50** |

## Expenses

21. MA advanced $760.81 on behalf of SLG in connection with the restructuring consultant services that it rendered during the Application Period. All funds advanced on behalf of the Debtor were actual and necessary expenses incurred on behalf of SLG. **Exhibit B** contains a detailed description of MA's expenses and is incorporated herein by reference.

22. A summary of the various categories of expenses and their respective, aggregate costs to MA is as follows:

| Category | Amount |
|---|---|
| Mileage | $168.48 |
| Parking / Tolls | $210.00 |
| Conference call telephone service | $210.33 |
| Fax transmissions / receipts | $172.00 |
| **Total** | **$760.81** |

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

23. The foregoing professional services rendered during the Application Period were necessary and appropriate to assist SLG with the administration of the above-captioned cases and were in the best interests of the Debtors. The compensation requested for the services

performed is commensurate with the complexity, importance and the nature of the problems, issues or tasks involved. MA has undertaken significant efforts to ensure that the professional services were performed in an efficient manner without duplication of effort.

24. In calculating the amount of time spent by each professional and support personnel in performing actual and necessary services for SLG, MA used data that came directly from computer printouts that are kept on each MA client.

25. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code for "reasonable compensation for actual and necessary services rendered …." 11 U.S.C. § 330(a)(1). Further, Section 330 of the Bankruptcy Code sets forth guidelines for the court to consider for the award of compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors including:
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which service was rendered toward completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

9

> (F) whether compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

26. In determining the reasonableness of hourly billing rates and the number of hours expended in providing professional services, the First Circuit has used "[the] 'lodestar' approach – multiplying the number of actual and necessary hours *reasonably* expended by a reasonable hourly rate …." In re Wildman, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987). While the lodestar approach is a good starting point, other factors should be considered in deciding whether the compensation sought is reasonable. Id.

27. When analyzing whether a professional's hourly billing rate is reasonable, the First Circuit has held that:

> "[T]he best measure of an [professional's] time is what that attorney could earn from paying clients. For a busy [professional], this is the standard rate. If he were not representing this plaintiff in this case, the [professional] could sell the same time to someone else. That person's willingness to pay establishes the market's valuation of the [professional's] services."

In re Farley, Inc., 156 B.R. 203, 211 (Bankr. N.D. Ill. 1993) quoting Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir. 1993). Therefore, when applying the "lodestar" approach, the reasonable hourly rate is presumed to be the professional's normal billing rate. See Pressley v. Haeger, 977 F.2d 295, 299 (7th Cir. 1992) ("It is not the function of judges in fee litigation to determine the equivalent of the medieval price. It is to determine what the [professional] would receive if he were selling his services in the market rather than being paid by a court order.") (internal quotation marks and citation omitted).

28. The rates charged by MA in this case are at or below its standard rates for any bankruptcy matter. The rates charged by MA are at or below the reasonable and customary

hourly rates charged by other professionals throughout the country in matters of similar complexity, scope and significance.

29. MA professionals performed services and billed 231.80 hours of time during the Application Period totaling $73,810.50 in fees. MA's average hourly billing rate for its professionals during this Application Period (its "lodestar" rate) was $318.42.

30. MA respectfully submits that the services for which it is seeking compensation in this Application were necessary to SLG's efforts in administering the Debtor's estate. These services were also beneficial to, and in the best interests of the Debtor's estate. The compensation sought is reasonable in light of the nature, extent and value of such services provided to SLG.

31. The services rendered by MA were necessary and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the interim compensation sought herein for the Application Period is warranted.

32. The Court may award a professional employed under Section 327 of the Bankruptcy Code its "reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1)(B). "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." In re Spanjer Bros., Inc., 191 B.R. 738, 749 (Bankr. N.D. Ill. 1996); See In re Wildman, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987).

33. MA has requested reimbursement only for actual and necessary expenses incurred on behalf of SLG. These expenses were incurred because they were required to accomplish the proper representation of SLG in the matter.

      34.    MA is requesting the allowance and the payment of all fees and expenses sought in the Application Period. Pursuant to Section 5082(B)(2) of the Local Rules, the source of the funds to pay the allowed fees and expenses in the Application Period is funds controlled by, or to be borrowed by, the Debtor.

**RELIEF REQUESTED**

WHEREFORE Moglia Advisors respectfully requests that the Court enter an Order:

      A.    Granting final allowance of all professional fees and expenses previously allowed on an interim basis in the First Application;

      B.    Allowing and awarding MA on a final basis the Compensation and Reimbursement of $73,810.50 and $760.81, respectively;

      C.    Authorizing and directing SLG to pay MA forthwith for the professional services and reimburse MA for actual and necessary expenses MA incurred, and not otherwise already paid;

      D.    Finding notice of the Application as given sufficient and excusing all further notice for good cause shown, and

      E.    Granting such other and further relief as this Court may deem just and appropriate.

                                             Respectfully submitted,

Dated: August 25, 2016                    MOGLIA ADVISORS

                                             By: /s/ _____