**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In The Matter of | No.: 15-42182 |
| SLG Innovation, Inc. | Judge Baer |
| | Chapter 11 |
| Debtor | |

**NOTICE OF MOTION**

TO:
United States Trustee - served via ECF
Alchemy Software Solutions LLC, 2711 Centerville Road, Suite 400, Wilmington, DE 19808
American Express, c/o Becket & Lee, PO Box 3001, Malvern, PA 19355-0701
Amtex Systems, Inc., 50 Broad Street, Suite 801, New York, NY 10004
Capitol Strategies, c/o Jason Bartell, Bartell Powell LLP - served via ECF
Clearwater Basin, LLC, 304 Melrose, Mill Valley, CA 94941
Deltek, Inc., 2291 Wood Oak Drive, Herndon, VA 20171-2823
Ed & Tracey Burns, 165 North Canal Street, #1523, Chicago, IL 60606
Illinois Dept. of Revenue, Bankruptcy Section, Level 7-425, 100 W. Randolph St., Chicago, IL 60602
Infoway Solutions, LLC, 7567 Amador Valley Blvd., Suite 310, Dublin, CA 94568
iT-ResourceSolutions.net, Inc., c/o Jeffrey Wurst, Ruskin Moscou - served via ECF
Internal Revenue Service, Centralized Insolvency, P.O. Box 7346, Philadelphia, PA 19101-7346
Jeff Cobb, 5311 Tildens Grove Blvd., Windermere, FL 34786
Jeff Talley, 1941 South Flannery Road, Baton Rouge, LA 70816
John Wood, 1427 Primrose Lane, Franklin, TN 37064
KeyConnect Consulting, 2703 Whiteside Pl., Springfield, IL 62711
Louisiana Department of Revenue, 617 N. Third Street, Baton Rouge, LA 70802
Michael Phillips, 337 Alicante Court, Davenport, FL 33837
MMC Systems, Inc., 30 Montgomery St., Suite 1201, Jersey City, NJ 07302
Platinum Rapid Funds, Dimonte & Lizak, LLC - served via ECF
Quick Fix Capital, PO Box 396, Langhorne, PA 19047
SEA Group, Inc., 3901 Pintail Dr., Suite A, Springfield, IL 62711
Sedna Consulting Group, Inc., 860 Route 1N, Suite 101, Edison, NJ 08817
Urban Partnership Bank, c/o William J. Serritella, Jr., Taft Stettinius & Hollister - served via ECF

Please take notice that PLEASE TAKE NOTICE that on September 28, 2016 at 9:30 a.m. Central Time, or as soon thereafter as counsel may be heard, the undersigned will appear before United States Bankruptcy Judge Baer, or any other judge sitting in her stead, in Courtroom 615 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached Final Fee Application of Converge Management Services LLC, accountant to SLG Innovation, Inc., a copy of which is hereby served upon you, at which time and place you may appear as you see fit.

/s/ Edmund G. Urban III
EDMUND G. URBAN III
ATTORNEY FOR DEBTOR

**CERTIFICATE OF SERVICE**

I, Carrie Boger, under penalty of perjury certify that I served this notice by mailing a copy to all parties listed above and entitled to notice, at the address listed above by depositing the same in the U.S. mail at 5320 W. 159th Street, Oak Forest, IL 60452 at 5:00 P.M. on September 13, 2016, with proper postage prepaid or via the Court's electronic notification system, ECF, as noted in the service list above.

/s/ Carrie Boger

EDMUND G. URBAN III of
URBAN & BURT, LTD.
Attorney for Debtor
5320 W. 159th Street, Suite 501
Oak Forest, Illinois 60452
708-687-5200
L:\iii\slg.15\motions-orders\slg.15-028-mor.wpd

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In The Matter of | No.: 15-42182 |
| SLG Innovation, Inc.[1] | Judge Baer |
| | Chapter 11 |
| Debtor | |

**COVER SHEET FOR FINAL FEE APPLICATION OF
CONVERGE MANAGEMENT SERVICES LLC., ACCOUNTANT TO
SLG INNOVATION, INC.**

| | |
|---|---|
| Name of Applicant: | Converge Management Services LLC |
| Authorized to provide professional services to: | SLG, Innovation, Inc. Debtor and Debtor in Possession |
| Date of retention: | Order entered on January 27, 2016 |
| Period for which compensation and reimbursement is sought: | April 1, 2016 through August 23, 2016 and final approval of interim fees from 12/16/15-3/31/16 |
| Amount of compensation sought as actual, reasonable, and necessary: | $28,342.50 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $0.00 |
| Total compensation and expense reimbursement requested: | $28,342.50 in Final Fee Application; $55,617.50 total |

This is a __ monthly __ interim  x  final application.

If this is not the first application filed herein by this professional, disclosure as to all prior fee applications:

| Date Filed | Period Covered | Total Requested | Total Allowed | Any Amount Withheld By Order |
|---|---|---|---|---|
| May 3, 2016 | 12/16/15 through 3/31/16 | $27,275.00 | $27,275.00 | N/A |

---

[1] Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtors' federal tax identification number are: 0396. The location of the Debtor's place of business is 30 S. Wacker Drive, Suite 2200, Chicago, Illinois 60606.

**Summary of Hours Billed by Converge Employees During the Application Period**

| Converge Employee | Position | Years Experience | Rate | Hours | Total |
|---|---|---|---|---|---|
| Marcel Lemoine | Certified Public Accountant | 25 | $150.00 | 101.7 | $15,255.00 |
| Jana Brooks | Manager of Accounting Services | 18 | $120.00 | 14.5 | $1,740.00 |
| Katie Long | Degreed Accountant | 3 | $70.00 | 113.25 | $7,927.50 |
| Trish Dykes | Bookkeeper | 15 | $50.00 | 66.6 | $3,330.00 |
| Savannah Robert | Junior Accountant | 3 | $36.00 | 2.5 | $90.00 |
| **GRAND TOTAL** | | | | **298.55** | **$28,342.50** |

**Summary of the Total Amount of Fees Incurred
Under Each Subject Matter For the Application Time Period**

| Matter # | Matter Description | Hours | Fees |
|---|---|---|---|
| 1 | General Case Administration | 68.7 | 7005. ML 46.7<br>600 JB 5<br>1190 KL 17<br>$8,795.00 |
| 2 | Plan | 25.5 | $3,825.00 ML 25.5 |
| 3 | Operating Reports | 26.75 | 1275 ML 8.5<br>1277.50 KL 18.25<br>$2,552.50 |
| 4 | Quickbooks Administration | 1.25 | $87.50 KL 1.25 |
| 5 | Payroll Taxes | 83.4 | 112.50 ML 0.75<br>1020 JB 8.5<br>367.50 KL 5.25<br>3320 TD 66.4<br>90 SR 2.5<br>$4,910.00 |
| 6 | Monthly Close (February 2016 through July 2016) | 92.95 | 3037.50 ML 20.25<br>120 JB 1.0<br>5005 KL 71.5<br>10 TD 0.20<br>$8,172.50 |
| **TOTAL** | | **298.55** | **$28,342.50** |

Dated:    September13, 2016         URBAN & BURT, LTD.

By: /s/ Edmund G. Urban III
Counsel for the Debtor

EDMUND G. URBAN III of
URBAN & BURT, LTD.
Attorney for Debtor/DIP
5320 W. 159th Street
Suite 501
Oak Forest, Illinois 60452
(p) (708) 687-5200
(f) (708) 687-5278

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In The Matter of | No.: 15-42182 |
| SLG Innovation, Inc.[2] | Judge Baer |
| | Chapter 11 |
| Debtor | |

**FINAL FEE APPLICATION OF CONVERGE MANAGEMENT SERVICES, LLC, ACCOUNTANT FOR SLG INNOVATION, INC.**

Converge Management Services, LLC, ("Converge") accountant to SLG Innovation, Inc., the above- captioned debtor and debtor in possession, (the "Debtor") hereby submits this Final Fee Application (this "Application") and states as follows:

**Relief Requested**

1. By this Application, Converge respectfully requests that this Court enter an order substantially in the form attached hereto (the "Proposed Order") awarding Converge compensation for professional services rendered to the Debtor from April 1, 2016, to and including August 23, 2016 (the "Application Period") pursuant to sections 327, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

2. In this Final Fee Application, Converge requests entry of an order: (i) allowing as compensation the amount of $28,342.50 for rendering accounting services during the Application Period on a final basis; and (ii) authorizing the Debtor to pay this amount to Converge. Additionally, Converge seeks final approval of prior fees approved on an interim basis in this Court's May 1, 2016 order [Docket No. 88]. In support of this Final Fee Application, Converge respectfully states as follows.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[2] Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtors' federal tax identification number are: 0396. The location of the Debtor's place of business is 30 S. Wacker Drive, Suite 2200, Chicago, Illinois 60606.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

5. The bases for the relief requested herein are sections 327, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 5082-1.

**Background**

6. On December 15, 2015 (the "Petition Date"), the Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

7. The Debtor engages in the business of information technology services company. It serves both commercial and public sector clients. The Debtor provides its clients with informational technology professional staffing and services, including providing customers with business analysts, computer programmers, information technology infrastructure support (i.e. servers, help desk support).

8. The Debtor continues to operate its business as a Debtor in Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this Chapter 11 case and no committee has been appointed or designated.

**The Debtor's Retention of Converge Management Services, LLC**

9. On January 26, 2016, this Court signed an order [Docket No. 49] (the "Retention Order") authorizing the Debtor to retain and employ Converge as its accountant to assist the Debtor with managing its financial addressing all related matters.

10. The Retention Order authorizes the Debtor to compensate Converge in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee's Guidelines (the "Guidelines") subject to prior Court approval.

11. On January 12, 2016 the court entered an order ("Interim Compensation Procedures Order") [Docket No. 30] providing a process for the Debtor to make interim payments to professionals for compensation for those professionals and provide notice to certain parties designated by the court. That process allowed the Debtor to pay professional costs in full and fees at 80% of the billed amount, subject to court approval and allowance at the end of a 120 day period. Notice has been made to all required parties on a monthly basis and

no objection to payment of the fees has been made by any party.

12. Notice to Rule 2002(a)(6) of this Application has been provided to all creditors and parties in interest.

### Disinterestedness of Converge Management Services, LLC

13. As set forth in the declaration of Marcel Lemoine (the "Declaration") attached as Exhibit A to the Debtor's Application to Employ and Retain Converge Financial Management LLC as its Accountant [Docket No. 45] (the "Retention Application"), Converge does not hold or represent any interest adverse to the Debtor's estate and is a "disinterested person" with respect to the Debtor as that term is defined in section 101(14) of the Bankruptcy Code and has disclosed any possible conflicting relationships in Exhibit A to the Retention Application..

14. Converge performed services for which it is seeking compensation on behalf of or for the Debtor and its estate, and not on behalf of any committee, creditor, or other entity.

15. Pursuant to the Interim Compensation Procedures Order and the Court's order approving, on an interim basis, Converge's fees from December 16, 2015 through March 31, 2016 [Docket No. 88], Converge has received a total of $47,721.00 from the Debtor.  Other than these payments, Converge has not received any payment or promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Chapter 11 case.

16. Pursuant to Bankruptcy Rule 2016(b), Converge has not shared, nor has Converge agreed to share: (a) any compensation it has received or may receive with another person, other than with the other employees of Converge; or (b) any compensation another person or party has received or may receive.

### Requested Compensation

17. By this Application, Converge requests aggregate compensation for the Application Period of $28,342.50 for services rendered. Converge requests compensation for services provided during the Application Period pursuant to this Court's Order Approving Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 40].  As mentioned above, Converge has received $47,721.00, which represents 100% of

the January, February and March 2016 billing statements and 80% of the April, May, June and July 2016 billing statements generated pursuant to the Interim Compensation Procedures Order.

18. Additional amounts have been billed pursuant to the procedures order for services through August 23, 2016, but as of the date of the filing of this application, those fees have not yet been paid. It is anticipated that those invoices will be paid at the 80% amount as contemplated by the Interim Compensation Procedures Order.

19. Converge maintains computerized records of the time expended in the performance of the professional services required by the Debtor's estate. These records are maintained in the ordinary course of Converge's practice. The hourly rates and corresponding rate structure used by Converge in this chapter 11 case are equivalent to the hourly rates and corresponding rate structure that Converge predominately uses for its financial and accounting work, regardless of whether a fee application is required.

20. Converge's hourly rates are set at a level designed to compensate Converge fairly for the work of its accountants and bookkeepers and to cover fixed and routine overhead expenses. Converge's hourly rates range from $36/hour to $150/hour and are comparable to rates charged by other accounting practitioners have the same amount of experience, expertise, and standing for similar services in this jurisdiction. Converge consistently and consciously made every reasonable effort to service the Debtor in the most economical, efficient and practical manner possible.

## Summary of Services Performed

19. During the Application Period, Converge provided significant professional services to the Debtor in connections with this chapter 11 case. These services were necessary to address a multitude of critical issues both unique to this Chapter 11 case and typically faced by debtors in similar cases.

20. While a substantial amount has been expended in this case, the issues focus on several specific areas of work that are substantially all related. While typically the court desires that the professional segregate the tasks performed to various areas of discrete work, that is somewhat difficult in the current case, as much of the work crosses various areas of tasks.

In attempt has been bade to catagorize the work to meet the typical requirements set by the courts relating to the segregation of the tasks.

21. The work in this case involves the need to re-organize a company who provides complex consulting services to large companies as a (MBE) that provides services to state agencies and directly to units of governmental agencies relating to compliance with Medicare, Medicaid and ACA, and other related areas including other IT services.

22. The following table consists of a breakdown of the amount of fees incurred due to the services rendered by each Converge professional (after accounting for all voluntary reductions), including each such professional's position, hourly rate, total hours expended in providing services to the Debtor in the Application Period, and the value attributable to such services:

| **Converge Employee** | **Position** | **Years Experience** | **Rate** | **Hours** | **Total** |
|---|---|---|---|---|---|
| Marcel Lemoine | Certified Public Accountant | 25 | $150.00 | 101.7 | $15,255.00 |
| Jana Brooks | Manager of Accounting Services | 18 | $120.00 | 14.5 | $1,740.00 |
| Katie Long | Degreed Accountant | 3 | $70.00 | 113.25 | $7,927.50 |
| Trish Dykes | Bookkeeper | 15 | $50.00 | 66.6 | $3,330.00 |
| Savannah Robert | Junior Accountant | 3 | $36.00 | 2.5 | $90.00 |
| **GRAND TOTAL** | | | | 298.5 | **$28,342.50** |

23. To provide a meaningful summary of Converge's services rendered on behalf of the Debtor, Converge has established, in accordance with the Guidelines and its internal billing procedures, certain subject matters (each, a "Matter") in connection with these chapter 11 cases. The following is a summary, by Matter, of the professional services rendered by Converge during the Application Period. The following table summarizes Converge's fees incurred during the Application Period, broken down by Matter:

| **Matter #** | **Matter Description** | **Hours** | **Fees** |
|---|---|---|---|
| 1 | General Case Administration | 68.7 | $8,795.00 |
| 2 | Plan | 25.5 | $3,825.00 |

| 3 | Operating Reports | 26.75 | $2,552.50 |
|---|---|---|---|
| 4 | Quickbooks Administration | 1.25 | $87.50 |
| 5 | Payroll Taxes | 83.4 | $4,910.00 |
| 6 | Monthly Close (February 2016 - July 2016) | 92.95 | $8,172.50 |
| **TOTAL** | | **298.55** | **$28,342.50** |

### A. General Case Administration

### (68.7 hours; $8,795.00)

24. This Matter includes time that Converge's professionals spent on matters related to general financial operational modeling and discussions relating to financial projections for Debtors restructuring advisors and counsel. Additionally, time spent in this category relates directly to communication with the Debtor, Debtor's counsel and Debtor's financial advisors.

| **Converge Employee** | **Rate** | **Hours** | **Total** |
|---|---|---|---|
| Marcel Lemoine | $150.00 | 46.7 | $7,005.00 |
| Jana Brooks | $120.00 | 5.0 | $600.00 |
| Katie Long | $70.00 | 17.0 | $1,190.00 |
| TOTAL | | **68.7** | **$8,795.00** |

### B. Plan

### (25.5 hours; $3,825.00)

25. This matter includes time spent by Converge on calculations relating to the Plan finances and working with Debtor's counsel and financial advisors and all potential investors and potential purchasers regarding the specifics of the Debtor's Chapter 11 exit financing.

| **Converge Employee** | **Rate** | **Hours** | **Total** |
|---|---|---|---|
| Marcel Lemoine | $150.00 | 25.50 | $3,825.00 |
| TOTAL | | 25.50 | $3,825.00 |

### C. Operating Reports

### (26.75 hours, $2,552.50)

26. This category reflects work completed on preparing various operating reports, including United States Trustee monthly operating reports as well as financial projections for the

Debtor and the Debtor's financial advisors and counsel.

| Converge Employee | Rate | Hours | Total |
|---|---|---|---|
| Marcel Lemoine | $150.00 | 8.5 | $1,275.00 |
| Katie Long | $70.00 | 18.5 | $1,277.50 |
| **TOTAL** | | **26.75** | **$2,552.50** |

**D. Quickbooks Administration**

**(1.25 hours; $87.50)**

27. This matter includes time spent by Converge on matters relating specifically to entering, maintaining and reviewing the Debtor's financial books on the financial software program, Quickbooks.

| Converge Employee | Rate | Hours | Total |
|---|---|---|---|
| Katie Long | $70.00 | 1.25 | $87.50 |
| **TOTAL** | | 1.25 | $87.50 |

**E. Payroll and Payroll Taxes**

**(83.4 hours, $4,910.00)**

28. This Matter includes the time spent by Converge's professionals on calculating, monitoring, and paying payroll to the Debtor's employees and sub-vendors as well as the corresponding payroll taxes and to allow the Debtor to continue the operation of the business.

| Converge Employee | Rate | Hours | Total |
|---|---|---|---|
| Marcel Lemoine | $150.00 | 0.75 | $112.50 |
| Jana Brooks | $120.00 | 8.5 | $1,020.00 |
| Katie Long | $70.00 | 5.25 | $367.50 |
| Trish Dykes | $50.00 | 66.4 | $3,320.00 |
| Savannah Robert | $36.00 | 2.5 | $90.00 |
| **TOTAL** | | | $4,910.00 |

**F. Monthly Closes**

**(92.95 hours, $8,172.50)**

28. This Matter includes time spent by Converge professionals related to preparing and obtaining the February 2016 through August 2016 close documents and financials.

| **Converge Employee** | **Rate** | **Hours** | **Total** |
|---|---|---|---|
| Marcel Lemoine | $150.00 | 20.25 | $3,037.50 |
| Jana Brooks | $120.00 | 1.0 | $120.00 |
| Katie Long | $70.00 | 10.75 | $5,005.00 |
| Trish Dykes | $50.00 | 0.20 | $10.00 |
| **TOTAL** | | **92.95** | **$8,172.50** |

### Reasonable and Necessary Services Rendered by Converge

29. The foregoing professional services rendered by Converge on the half of the Debtor during the Application Period were reasonable, necessary, and appropriate to the administration of this chapter 11 case and related matters.

### Converge's Requested Compensation Should Be Allowed

30. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation.

31. In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

    a. time spent on such services;
    b. the rates charged for such services;
    c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
    d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    e. whether the compensation is reasonable based on the customary compensation charged by comparable skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

32. In the instant case, Converge respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtor and its estate and were rendered to protect and preserve the Debtor's estate. Converge respectfully submits that the services rendered to the Debtor were performed economically, effectively and efficiently and that the results obtained to date have benefitted not only the Debtor, but all stakeholders in the Debtor's chapter 11 case. Converge further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtor, its estate and all parties in interest.

33. Converge professionals spent a total of 298.55 hours during the Application Period, which services have a fair market value of $28,342.50. As demonstrated by this Application and all of the exhibits submitted in support hereof, Converge spent its time economically and without unnecessary duplication.

34. In addition, the work conducted was carefully assigned to appropriate professionals according to the experience and level of expertise required for each particular task. In summary, the services rendered by Converge were necessary and beneficial to the Debtor and its estate, and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved. Accordingly, Converge respectfully submits that approval of the compensation sought herein is warranted.

### Proposed Source of Payment

35. Converge has received $47,721.00 pursuant to the approved Interim Compensation Procedures Order and this Court's order approving Converge's May 3, 2016 interim fee application. The remaining balance owed - $7,896.00 - will be paid from the Debtor's cash on hand, or funds borrowed by the Debtor.

### Notice

36. As of the date hereof, Converge has provided notice of this Final Fee Application, in the

manner set forth on the Certificate of Service attached hereto, to: (a) the Office of the United States Trustee; (b) counsel to the Debtor's prepetition secured creditors; (c) all of the Debtor's other known creditors; (d) the Internal Revenue Service; (e) the Illinois Department of Revenue; (f) the Louisiana Department of Revenue; and (g) any entity that has filed a request for notice in the above-captioned cases pursuant to Bankruptcy Rule 2002.

37. Converge is located in Baton Rouge, Louisiana. Converge respectfully requests that the Court take judicial notice of the severe flooding and state of emergency Baron Rouge is currently suffering. Converge worked diligently to assist in bringing a plan to confirmation despite the disaster.  However, it took time more time than anticipated to deliver the necessary information to aid Debtor's counsel in drafting and filing this Application. Converge respectfully requests that shortened notice on this Application be approved and that no further notice is necessary.

**WHEREFORE**, Converge respectfully requests that this Court enter an order substantially in the form of the Proposed Order: (a) approving shortened notice on this Application for the reasons set forth above; (b) allowing and awarding Converge, on an final basis, compensation for professional services rendered during the Application Period in the amount of $28,342.50; (c) final approval of Converge's previously approved fees on an interim basis; and (d) granting such other and further relief as the Court deems just.

Dated: September 13, 2016					By: Converge Management Services, LLC

							/s/ Edmund G. Urban III
							Debtor's Attorney

EDMUND G. URBAN III of
URBAN & BURT, LTD.
Attorney for Debtor
5320 W. 159th Street, Suite 501
Oak Forest, Illinois 60452
708-687-5200
L:\iii\slg.15\motions-orders\slg.15-028-mor.wpd